*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BILLY JOE MULLINS,

        Defendant-Appellant.

UNPUBLISHED
September 17, 2019

No. 345000
Hillsdale Circuit Court
LC No. 18-424274-FH

Before: MURRAY, C.J., and METER and FORT HOOD, JJ.

PER CURIAM.

Defendant was convicted by a jury of resisting and obstructing an officer in the lawful performance of his duties, MCL 750.81d(1). Defendant was sentenced as a fourth habitual offender, MCL 769.12, to 5 to 15 years' imprisonment. Defendant appeals as of right. We affirm.

On April 9, 2018, the Hillsdale Sheriff's Office executed a search warrant at a residence in Moscow Township. When police officers entered the residence, they saw defendant standing near the kitchen and living room. Police officers gave defendant numerous verbal commands to which defendant was noncompliant. Defendant had to be physically restrained, and attempted multiple times to escape from the arresting officers. At trial, the jury found defendant guilty of one count of resisting and obstructing, and not guilty of a second count. At sentencing, the trial court noted that the advisory sentencing guidelines recommended a range of 5 to 46 months' imprisonment, but the court imposed a longer sentence based on numerous factors that were not considered by the guidelines.

Defendant argues that the trial court abused its discretion when sentencing him because the sentence imposed was not reasonable. Specifically, defendant argues that a 5 to 15 year prison sentence for delaying before following the officers' commands, and attempting to get up when commanded to remain seated, is not a proportionate sentence. Further, defendant argues that the trial court is required to explain why the sentence imposed was more proportionate than the sentence range recommended by the guidelines.

-1-

"[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). "[A] given sentence can be said to constitute an abuse of discretion if that sentence violates the principle of proportionality, which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990).

The trial court did not abuse its discretion because defendant's sentence was reasonable, as it was proportionate to the offense. In rendering the sentence, the trial court properly considered factors not considered by the guidelines, and gave them adequate weight. Therefore, defendant is not entitled to resentencing.

"[A] guidelines minimum sentence range calculated in violation of *Apprendi*[1] and *Alleyne*[2] is advisory only and that sentences that depart from that threshold are to be reviewed by appellate courts for reasonableness." *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). A reasonable sentence is one that adheres to the principle of proportionality established in *Milbourn*, 435 Mich at 636, and that standard is met when the seriousness of the circumstances surrounding the offense and the offender are taken into account. *Steanhouse*, 500 Mich at 459-460.

"Factors that may be considered by a trial court under the proportionality standard include, but are not limited to: '(1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as . . . the defendant's misconduct while in custody, the defendant's expression of remorse, and the defendant's potential for rehabilitation.' " *People v Walden*, 319 Mich App 344, 352-353; 901 NW2d 142 (2017) (citation omitted).

The trial court properly considered the recommended sentencing guideline range, and ultimately decided to impose a longer sentence for defendant because of his history. When sentencing defendant above the advisory guidelines, the trial court considered numerous factors, including defendant's criminal history, his pattern of misconduct with respect to police officers, his misconduct while previously in custody, and his substance abuse history:

> And now I have you on this charge of resisting/obstructing. The guidelines are five to 46 months, Mr. Mullins. I note on your record that here, sir, a lot of things that are not considered by the guidelines. As you are well aware, guidelines are advisory in nature. I looked at your criminal record. I've got 5-10-13 misdemeanors. This is felony number five. You've been in jail nine times; probation five times, prison twice. You violated probation alone five times. Five of your misdemeanors aren't scored. You've got five alcohol/drug-related

---

[1] *Apprendi v New Jersey*, 530 US 466; 120 S Ct 2348; 147 L Ed 2d 435 (2000).

[2] *Alleyne v United States*, 570 US 99; 133 S Ct 2151; 186 L Ed 2d 314 (2013).

convictions. Assaultive nature–[resisting and obstructing] and assaultive nature, you have six prior convictions. This makes number seven.

The repetitive nature of these crimes [is not] considered by the guidelines. You have 13–13 parole violations. You have two misconducts in prison. You have committed six misdemeanors and four felonies while on bond, probation or parole.

You've got a long-term substance abuse problem for which you have done little or nothing. I take all of these factors into account that aren't considered by the guidelines. I also take into account that I have full discretion under the Habitual Offender Act and I exercise based on your criminal record.

[I]t is the sentence of this [c]ourt that you be committed to the Department of Corrections to be confined in such institutions as the Commission shall direct under the Code of Criminal Procedure, the Michigan Penal Code, and the Department of Corrections Act for a minimum term [of] five years and not to exceed 15 years.

The trial court took into account the fact that defendant had a long-term substance abuse problem for which he had done little or nothing about. Defendant failed on numerous occasions to attend substance abuse treatment programs, has a history of daily use of marijuana and methamphetamine, and has a history of occasional use of alcohol and cocaine.

Lastly, the trial court observed that the repetitive nature of defendant's crimes was not considered by the guidelines, and added weight to defendant's 13 parole violations, two misconducts in prison, and the fact that defendant committed six misdemeanors and four felonies while on bond, probation, or parole. In determining an appropriate sentence, these additional objective factors were properly considered by the trial court with respect to the seriousness of the circumstances surrounding the offense and the offender. *Walden*, 319 Mich App at 352-353; *Milbourn*, 435 Mich at 636. Therefore, the trial court did not abuse its discretion when sentencing defendant because the sentence was reasonable.

We reject defendant's one sentence argument, citing *People v Dixon-Bey*, 321 Mich App 490; 909 NW2d 458 (2017), that the trial court did not adequately explain why the sixty month minimum was more proportionate than the recommended guideline sentence. It is not the duty of this Court to formulate an argument on behalf of defendant. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). " '[T]he key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range.' " *Steanhouse*, 500 Mich at 472, quoting *Milbourn*, 435 Mich at 651. "When making this determination and sentencing a defendant, a trial court must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Dixon-Bey*, 321 Mich App at 525

(quotation marks and citations omitted). The trial court adequately explained its reasoning behind defendant's sentence from the bench, including the various other factors that it took into consideration. Therefore, defendant's sentence was reasonable because it was proportionate to the seriousness of the matter and the circumstances surrounding it, and the trial court did not abuse its discretion.

Affirmed.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood